IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CLIFFORD JOHN VAN TILBURG, | No. 2:16-cv-01688-JKS |
|---|---|
| Petitioner, | MEMORANDUM DECISION |
| vs. | |
| CHARLES W. CALLAHAN, Warden, Chuckawalla Valley State Prison,[1] | |
| Respondent. | |

Clifford John Van Tilburg, a California state prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254. Van Tilburg is in the custody of the California Department of Corrections and Rehabilitation and incarcerated at Chuckawalla Valley State Prison. Respondent has answered, and Van Tilburg has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

In connection with sexual offenses committed against his stepdaughter and his assault and threatening of an eyewitness who inadvertently observed Van Tilburg having sexual intercourse with the victim, Van Tilburg was charged with: lewd and lascivious act upon a child under 14 on or about June 18, 2002 (Count 1); oral copulation of a child under 14 on or about June 18, 2002 (Counts 2 and 3); lewd and lascivious act upon a child on or about June 18, 2003 (Count 4); oral copulation of a child under 14 on or about June 18, 2003 (Counts 5 and 6); lewd and lascivious act upon a child on or about June 18, 2004 (Count 7); penetration by foreign object on a person under 18 on or about April 19, 2006 (Count 8); dissuading a witness from

---

[1] Charles W. Callahan is substituted for Kimberly A. Seibel as Warden, Chuckawalla Valley State Prison. FED. R. CIV. P. 25(d).

reporting a crime on or about April 19, 2006 (Count 9); possession of an assault weapon on or about April 19, 2006 (Count 10); and continuous sexual abuse of a child from June 18, 2001 through June 17, 2003 (Count 11). The information further alleged as to Count 9 that Van Tilburg used a deadly and dangerous weapon.

Van Tilburg waived his right to a jury trial, and the court found him guilty of all the counts and found true the allegation that he had used a deadly weapon in dissuading a witness from reporting one of the sexual molestations. He was subsequently sentenced to an aggregate imprisonment term of 31 years and 8 months (16 years on count 11, with consecutive terms of 2 years on Counts 1, 2, 3, 5, 6, and 9, consecutive terms of 8 months on Counts 4, 7, 8, and 10, and a consecutive term of 1 year for the deadly weapon enhancement).

Through counsel, Van Tilburg appealed his conviction on the ground that he was improperly convicted of both continuous sexual abuse of the victim (Count 1) and the discrete sex offenses committed against the same victim over the same period of time (Counts 1, 2, 3, 4, and 6). The People conceded the error. On January 23, 2009, the California Court of Appeal reversed the judgment in part and remanded to the trial court "with instructions to dismiss either count 11 or counts 1, 2, 3, 5, and 6, and to resentence [Van Tilburg] accordingly." *People v. Vantilburg*, No. C056405, 2009 WL 154560, at *2 (Cal. Ct. App. Jan. 23, 2009). The judgment was affirmed in all other respects. *Id.* Upon remand, the trial court dismissed Count 11, denied Van Tilburg's request for probation, and resentenced him to an imprisonment term of 21 years and 8 months.

Van Tilburg then filed a *pro se* habeas petition in the California Superior Court. In that petition, Van Tilburg claimed that trial counsel was ineffective for failing to object to Van

Tilburg being charged with an offense for which no preliminary hearing was held, and the trial court acted in "excess of its jurisdiction" when it proceeded to trial on that charge. The superior court denied the petition by form order indicating that the petition suffered from numerous procedural defects and failed to establish a prima facie case for relief. The court's order also included an addendum stating:

> The clerk's minutes of July 6, 2006 reflect a stipulation that the Preliminary Hearing be submitted on the police reports, that [Van Tilburg] waived the one sitting rule and that [Van Tilburg] waived his Fifth Amendment Rights. This Court has reviewed the police reports submitted to the Honorable Judge Stephan Benson for Ruling on July 27, 2006 that were lodged with the court file. The police reports would support a holding order as to the charged conduct alleged in count 11.

Van Tilburg then filed in the Court of Appeal a counseled habeas petition that alternatively stated that it could be construed as a motion for leave to file a late notice of appeal in which he argued that appellate counsel was ineffective for failing to raise additional claims on appeal and for failing to file a second appeal or a state habeas corpus petition. The Court of Appeal summarily denied the petition on March 10, 2011.

Van Tilburg raised the same claims in a counseled habeas petition in the California Supreme Court. In response, the People conceded that "it appears appropriate to grant the relief requested, in the form of allowing an appeal." Van Tilburg then filed a counseled opening brief in the California Court of Appeal, which raised the following claims: 1) there was insufficient evidence to sustain Van Tilburg's conviction on Count 10 because there was no evidence that Van Tilburg either actually or constructively possessed an assault weapon; and 2) the trial court abused its discretion in finding that Van Tilburg waived the court-ordered California Penal Code

§ 288.1 probation evaluation[2] and in denying probation.  On February 10, 2015, the Court of Appeal issued a reasoned, unpublished opinion affirming the judgment against Van Tilburg. *People v. Vantilburg*, No. C072952, 2015 WL 551476, at *5 (Cal. Ct. App. Feb. 10, 2015).  Van Tilburg petitioned for review in the California Supreme Court, which was denied without comment on April 22, 2015.

Van Tilburg then filed a *pro se* Petition for a Writ of Habeas Corpus to this Court on July 16, 2016, the timeliness of which Respondent does not dispute.  *See* 28 U.S.C. § 2244(d)(1)(A).  Briefing is now complete, and the case has been reassigned to the undersigned judge for adjudication.

## II. GROUNDS/CLAIMS

In his *pro se* Petition before this Court, Van Tilburg argues that: 1) there was insufficient evidence that he possessed an assault weapon to sustain his conviction on Count 10; 2) the trial court erred in denying Van Tilburg a second Penal Code § 288.1 evaluation and in denying probation; and 3) trial counsel was ineffective for failing to explain the purpose and necessity of a § 288.1 evaluation.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[2] Section 288.1 provides that a court may not grant probation to a person convicted of committing a lewd or lascivious act on a child "until the court obtains a report from a reputable psychiatrist, from a reputable psychologist . . . as to the mental condition of that person."

4

Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state

5

court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). A summary denial is an adjudication on the merits and entitled to deference. *Harrington v. Richter*, 562 U.S. 86, 99 (2011). Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

Ground 1.    *Insufficiency of the Evidence*

Van Tilburg first argues that there was insufficient evidence that he possessed the assault weapon to sustain his conviction on Count 10. Van Tilburg raised this claim on direct appeal of his re-sentence, and the Court of Appeal concluded that Van Tilburg the claim was not properly before it:

> As noted, the sole issue in the prior appeal was whether defendant was improperly convicted of both a continual sexual abuse count and five discrete sex offenses involving the same victim in the same time period.
> Our disposition stated: "The judgment is reversed, and the matter is remanded to the trial court with instructions to dismiss either count 11 or counts 1, 2, 3, 5, and 6, and to resentence defendant accordingly. In all other respects, the judgment is affirmed."
> [Van Tilburg's] first argument challenges the sufficiency of the evidence supporting his count 10 assault weapons conviction. Because our prior opinion "affirmed" the "judgment" in "all" "respects" other than the sex crime convictions and [Van Tilburg's] sentence, the reversal did not encompass the weapons conviction in count 10. Although the disposition paragraph commences with the words, "[t]he judgment is reversed," the ensuing language makes plain that the reversal is limited to the sex crime convictions and does not extend to the weapons conviction.

6

> Thus, [Van Tilburg's] count 10 conviction was previously appealed to this court; no claim of error with respect to count 10 was raised; the count 10 conviction was affirmed; and the count 10 conviction was not before the trial court on remand. [Van Tilburg] "is precluded from raising his [sufficiency of evidence] argument" with respect to count 10 in the present appeal because "the time in which to make it has passed."

*Vantilburg*, 2015 WL 551476, at *2 (citations omitted).

Respondent urges this Court to likewise find the claim procedurally barred on federal habeas review. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). A federal habeas court may not reach the merits of a claim that is procedurally barred unless the petitioner first shows cause and prejudice. *See, e.g.*, *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *see also Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011). In his Traverse, Van Tilburg argues that his appellate counsel's failure to raise the claim in his initial appeal constitutes good cause sufficient to overcome the procedural bar.

Given the unusual procedural posture in this case, and the fact that, as discussed below, this case may be more easily resolved on the merits, the Court declines to decide the case on procedural grounds. *See Lambrix v. Singletary*, 520 U.S. 518, 525 (1997) (in the interest of judicial economy, the court may address a petition's merits without reaching procedural issues); *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1083 (9th Cir. 2001) (declining "to reach the complex questions lurking in the time bar of the AEDPA" where the district court "decided the case on the merits, and on the merits it was right as a matter of law"). Accordingly, the Court will address the merits of Van Tilburg's insufficiency of the evidence claim.

7

As articulated by the Supreme Court in *Jackson*, the federal constitutional standard for sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original); *see McDaniel v. Brown*, 558 U.S. 120, 132-33 (2010) (reaffirming this standard). This Court must therefore determine whether the California court unreasonably applied *Jackson*. In making this determination, this Court may not usurp the role of the finder of fact by considering how it would have resolved any conflicts in the evidence, made the inferences, or considered the evidence at trial. *Jackson*, 443 U.S. at 318-19. Rather, when "faced with a record of historical facts that supports conflicting inferences," this Court "must presume–even if it does not affirmatively appear in the record–that the trier of fact resolved any such conflicts in favor of the prosecution, and defer to that resolution." *Id.* at 326.

It is a fundamental precept of dual federalism that the States possess primary authority for defining and enforcing the criminal law. *See Engle v. Isaac*, 456 U.S. 107, 128 (1982). Consequently, although the sufficiency of the evidence review by this Court is grounded in the Fourteenth Amendment, it must take its inquiry by reference to the elements of the crime as set forth in state law. *Jackson*, 443 U.S. at 324 n.16. A fundamental principle of our federal system is "that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see West v. AT&T*, 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law. When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . ."). "Federal courts hold no supervisory

8

authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted).

Under *Jackson*, this Court's role is simply to determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain conviction. *Schlup v. Delo*, 513 U.S. 298, 330 (1995). The United States Supreme Court has recently even further limited a federal court's scope of review under *Jackson*, holding that "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 132 S. Ct. 2, 4 (2011) (per curiam). *Jackson* "makes clear that it is the responsibility of the jury—not the court—to decide what conclusions should be drawn from evidence admitted at trial." *Id.* at 3-4. Under *Cavazos*, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Id.* at 4 (*quoting Renico v. Lett*, 559 U.S. 766, 773 (2010)).

At the time of Van Tilburg's offense, California Penal Code § 12280(b) provided that "any person who, within this state, possesses any assault weapon, except as provided in this chapter, is guilty of a public offense and upon conviction shall be punished by imprisonment in the state prison, or in a county jail, not exceeding one year." Under California law, possession may be actual or constructive. *See In re Daniel G.*, 14 Cal. Rptr. 3d 876, 880 (Cal. Ct. App. 2004). Actual possession means "the object is in the defendant's immediate possession or

9

control," while constructive possession means "the object is not in the defendant's physical possession, but the defendant knowingly exercises control or the right to control the object." *Id.*

At trial, Officer Stephen Rowe testified that he searched Van Tilburg's house following the victim's molest allegations and found an assault weapon, an SVT-40, in a false wall in the bathroom which was connected to the master bedroom. The weapon had a detachable magazine, a flash suppressor, and a bolt for a bayonnet. When it was recovered, the weapon had its magazine attached to it. Officer Rowe testified that he tested the functionality of the weapon and determined that it was capable of firing a bullet.

The victim's brother testified that he was aware that Van Tilburg had three automatic or semi-automatic weapons inside the house, including the SVT-40, which was a semi-automatic weapon of World War II that Van Tilburg had purchased two years prior. The victim's brother further testified that Van Tilburg had used the rifle during war re-enactments, and it was capable of being fired. At the re-enactments, they fired the guns using blanks, but Van Tilburg kept real bullets at the house. The victim's brother, who had also participated in the re-enactments, had not fired the SVT-40 but had held it on prior occasions.

Under *Jackson*, the role of this Court is to simply determine whether there is any evidence, if accepted as credible by the jury, sufficient to sustain conviction. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). In this case, viewing the testimony evidence in the light most favorable to the verdict, there was certainly enough evidence from which a reasonable factfinder could conclude that Van Tilburg possessed the assault weapon. Although it might have been possible to draw a different inference from the totality of the evidence, this Court is required to resolve that conflict in favor of the prosecution. *See Jackson*, 443 U.S. at 326. This Court is

precluded from either re-weighing the evidence or assessing the credibility of witnesses. *Schlup v. Delo*, 513 U.S 298, 330 (1995); *Bruce v. Terhune*, 376 F.3d 950, 957-58 (9th Cir. 2004). Van Tilburg bears the burden of establishing by clear and convincing evidence that these factual findings were erroneous. 28 U.S.C. § 2254(e)(1). He has failed to carry such burden. Given the testimony of Officer Rowe and the victim's brother, the record does not compel the conclusion that no rational trier of fact could have found that Van Tilburg was guilty of possession of an assault weapon, especially considering the double deference owed under *Jackson* and AEDPA. Van Tilburg is therefore not entitled to relief on his legal insufficiency claim.

Ground 2, 3.  *Sentencing Error/Ineffective Assistance of Counsel*

Van Tilburg additionally argues in Ground 2 that the trial court abused its discretion by failing to order a second California Penal Code § 288.1 evaluation and by failing to grant him probation. In Ground 3, he also faults trial counsel for failing to inform him of the purpose and necessity of a § 288.1 evaluation. The Court of Appeal considered and rejected these claims on direct appeal as follows:

> [Van Tilburg] contends the trial court abused its discretion when it found that he had "waived" the court ordered section 288.14 evaluation and thus forfeited his request for probation. [Van Tilburg] also claims his trial counsel rendered ineffective assistance when they advised him not to speak to anyone at the jail and failed to seek a new section 288.1 interview on remand.[FN5]
>
>> FN5.  Specifically, [Van Tilburg] contends his trial counsel was ineffective in that they: (1) failed to research the manner in which defendant had been directed to submit to the section 288.1 interview; (2) failed to request a new section 288.1 hearing following remand; (3) failed to object to the court's finding that his refusal of the section 288.1 interview constituted a waiver; (4) failed to argue that any such "waiver" occurred outside of court and was not preceded by the advice of counsel; and (5) failed to argue for a grant of probation at resentencing.

11

A

*Original Sentencing Proceeding*

After finding [Van Tilburg] guilty as charged, the trial court referred the matter to Dr. Ahmed Abouesh for an examination pursuant to section 288.1 and set an April 19, 2007, hearing for receipt of the report and a probation report. Defense counsel requested additional time, [Van Tilburg] entered a time waiver, and the matter was set for May 17, 2007.

The trial court issued an order for psychiatric examination appointing the doctor and ordering the sheriff to make [Van Tilburg] available, ordering that [Van Tilburg] undergo the examination, ordering a copy of the order to be delivered to [Van Tilburg], and ordering the doctor to report to the court in writing. The order stated the purpose for the examination as follows: "IT APPEARING to the satisfaction of the court that [Van Tilburg] has been convicted of a criminal offense with the body of a child under the age of 14 years, to wit: 11 years old, in violation of section 288(a) of the Penal Code, a Felony, and the court desiring a report from a reputable psychiatrist as to the mental condition of [Van Tilburg] so an informed sentencing decision can be made."

[Van Tilburg] claims "[t]here is nothing in the record suggesting [he] ever saw the Minute Order." But there is more than a suggestion: the court ordered that a copy be delivered to [Van Tilburg], and it is presumed that this official duty was regularly performed.

On May 17, 2007, the trial court stated it had received a communication from Dr. Abouesh indicating that [Van Tilburg] had refused to participate in a section 288.1 interview and therefore the examination had not been performed. Dr. Abouesh reported: "I attempted to evaluate . . . [Van Tilburg] at the Butte County Jail on May 13, 2007. I was informed by the [Van Tilburg] that upon the advice of his lawyer, he was not to speak to anyone about the case and refused to be examined."

The trial court found: "As to the 288[.1] Hearing, the Court is finding that [Van Tilburg] declined his 288[.1] psychiatric interview. One was ordered. It was clearly stated why it was ordered, and [Van Tilburg] declined to do that. Therefore, he has had that opportunity and the time has [passed]. So this matter will be referred to probation . . . . The Court will ask probation to prepare a report for terms and for victim restitution without the 288[.1]."

The trial court indicated it had received two motions for substitution of defense counsel. An associate of [Van Tilburg's] new counsel informed the court that, "[a]t some point, [Van Tilburg] was told that he was not to speak to anybody while he was in the process of retaining new counsel."

B

*Resentencing Following Remand*

At the resentencing hearing, the trial court invited comments from counsel for the parties. [Van Tilburg's] counsel commented: "I'd urge the Court to, as the Court of Appeal didn't leave us with very many choices here, there would be two choices which

we have would either to be sentenced on the continuous contact charge one count versus the other counts that it said would otherwise have to be dismissed if we didn't do that. [¶] I think that first of all, it's cleaner and it doesn't give rise to any issues with regards to potential 654 or crossover time because it would just be one count. And in—on his behalf at least and with the record that I think is somewhat less onerous and as far as that I think it's somewhat reduced, I'd submit it."

After hearing from counsel for the People, the trial court stated: "Probation is denied because the [Van Tilburg] [is] ineligible under the provisions of Penal Code Section[s] 1203.067 and 288.1.

"However, even if [Van Tilburg] were not statutorily ineligible for probation, probation would be denied for the following reasons: The nature, seriousness, and circumstances of the case. The manner in which the crime was carried out demonstrated criminal sophistication especially with regard to Count 9 [dissuasion of a witness].

"[Van Tilburg] declined to participate in a court ordered [section] 288.1 evaluation even after he was informed by the Court that such an evaluation was necessary for the Court to be able to consider probation. The Court has found previously that [Van Tilburg] waived the [section] 288.1 evaluation by refusing to participate with the court ordered evaluator.

"As was previously noted at the July '07 sentencing, [Van Tilburg's] self-chosen expert [Dr. Kent Caruso] opined that [Van Tilburg] was not a suitable candidate for probation if the victim was younger than [Van Tilburg] admitted. The [trial court] convicted [Van Tilburg] of acts when the victim was 12 years old."

C

*Probation Was Properly Denied*

"The decision whether to grant or deny probation is reviewed under the abuse of discretion standard. [Citations.] 'An order denying probation will not be reversed in the absence of a clear abuse of discretion. [Citation.] In reviewing the matter on appeal, a trial court is presumed to have acted to achieve legitimate sentencing objectives in the absence of a clear showing the sentencing decision was irrational or arbitrary. [Citations.]' [Citation.]"

"[A] [sentence] will not be reversed based on a claim of ineffective assistance of counsel unless the defendant establishes both of the following: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, a determination more favorable to defendant would have resulted. [Citations.] If the defendant makes an insufficient showing on either one of these components, the ineffective assistance claim fails. Moreover, ' "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." [Citation.]' [Citation.]"

In our prior opinion, we stated, "[t]he trial court is most familiar with the offenses and other facts bearing on sentencing, and can determine whether defendant should be convicted of continuous sexual abuse or the five separate offenses, and to impose the

13

> sentence most commensurate with his culpability. " (*People v. Vantilburg*, *supra*, C056405, at p. 5, italics added.) No issues regarding probation were raised in the prior appeal, and nothing in the opinion suggested that probation was "the sentence most commensurate with [Van Tilburg's] culpability."
>
> [Van Tilburg's] trial counsel could perceive that a request to replace the 31–year prison sentence with a grant of probation, as opposed to a lesser prison term, would be futile. "'Trial counsel is not required to make futile objections, advance meritless arguments or undertake useless procedural challenges merely to create a record impregnable to assault for claimed inadequacy of counsel. [Citation.]'"
>
> In any event, the trial court addressed [Van Tilburg's] request for probation at resentencing. After finding that he was statutorily ineligible for probation due to his refusal of a section 288.1 interview, the court stated, "[h]owever, even if [Van Tilburg] were not statutorily ineligible for probation, probation would be denied for the following reasons: The nature, seriousness, and circumstances of the case. The manner in which the crime was carried out demonstrated criminal sophistication especially with regard to Count 9 [dissuasion of a witness]." The court also considered the report by Dr. Caruso that [Van Tilburg] had obtained. The court stated: "As was previously noted at the July '07 sentencing, [Van Tilburg's] self-chosen expert [Dr. Kent Caruso] opined that [Van Tilburg] was not a suitable candidate for probation if the victim was younger than [Van Tilburg] admitted. The [trial court] convicted [Van Tilburg] of acts when the victim was 12 years old."
>
> Thus, the trial court considered [Van Tilburg's] request for probation on its merits notwithstanding his refusal to submit to the section 288.1 interview.
>
> [Van Tilburg] was not prejudiced by any ineffective assistance of counsel with respect to the advisement to not speak to anyone (evidently including Dr. Abouesh) and the failure to request a new section 288.1 interview. It is not necessary to consider the question whether counsels' performance was deficient.
>
> [Van Tilburg] contends the trial court's determinations with respect to probation were arbitrary and capricious. [Van Tilburg] has not shown error with respect to the ruling on the merits. The trial court found that two aggravating factors supported the denial of probation: (1) the nature, seriousness, and circumstances of the case; and (2) the manner in which the crimes were carried out demonstrated criminal sophistication, especially with regard to count 9. The court also noted that [Van Tilburg's] chosen psychologist, Dr. Caruso, did not recommend probation under the factual circumstances found true by the court with respect to the victim's age. [Van Tilburg] has not shown that any or all of these findings were irrational, arbitrary, or a clear abuse of discretion.

*Van Tilburg*, 2014 WL 551476, at *2-5 (citations omitted).

Van Tilburg fares no better on federal habeas review. The thrust of his argument on Ground 2 is that the trial court abused its discretion under state law in imposing a sentence of imprisonment rather than probation. But such claim fails to present a question of constitutional

14

dimension. Although the Ninth Circuit has suggested that an abuse of discretion may also amount to a constitutional violation, *see Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc), the Supreme Court has never held that abuse of discretion is an appropriate basis for granting federal habeas relief.[3] Indeed, quite to the contrary, the Supreme Court has strongly suggested that, while abuse of discretion is an appropriate standard on direct review, in a federal habeas proceeding it is not. *Renico v. Lett*, 559 U.S. 766, 772-73 (2010) ("It is not even whether it was an abuse of discretion for her to have done so–the applicable standard on direct review. The question under AEDPA is instead whether the determination of the Michigan Supreme Court that there was no abuse of discretion was "an unreasonable application of . . . clearly established Federal law."" (quoting § 2254(d)(1))).

Moreover, such claim is beyond the purview of this Court in a federal habeas proceeding. *Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). In particular, because claims of sentencing error by a state court involve solely the interpretation and/or application of state sentencing law, they are not cognizable on federal habeas review. *See, e.g.*, *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Watts v. Bonneville*, 879 F.2d 685, 687 (9th Cir. 1989). The Court must defer to the state court's interpretation of the state sentencing laws, absent a showing that the state court's determination resulted in a fundamentally unfair result or a violation of federal

---

[3] At one time, the Ninth Circuit viewed a state court ruling to be "objectively unreasonable" if it amounted to a clear error. *Van Tran v. Lindsey*, 212 F.3d 1143, 1152-54 (9th Cir. 2000). This is the test the Ninth Circuit uses in reviewing a trial court decision under the abuse of discretion standard. *United States v. Ressam*, 679 F.3d 1069, 1086 (9th Cir. 2012) (en banc). The Supreme Court noted *Van Tran's* statement of the test and expressly rejected it as inappropriate under the AEDPA. *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003) (clear error standard is insufficiently deferential to state courts).

constitutional law. *See Christian*, 41 F.3d at 469. Accordingly, a trial court's exercise of its discretion in sentencing a defendant to prison instead of probation is not cognizable as a federal habeas claim. *See, e.g.*, *Bland v. Evans*, No. 2:10-cv-83, 2011 WL 3648488, at *9–10 (E.D. Cal. 2011) (finding that the denial of probation in favor of imprisonment is not cognizable on federal habeas corpus review). A petitioner may not transform a state-law issue into a federal one by simply asserting a violation of due process. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *see also Lacy v. Lewis*, 123 F. Supp. 2d 533, 551 (C.D. Cal. 2000) ("Merely adding the phrase 'due process' to state law claims does not transform those claims into federal claims; rather, they remain state law claims 'dressed up' as federal due process claims.").

Here, even if the trial court had not concluded that Van Tilburg waived the § 288.1 interview or his trial counsel had objected and secured such evaluation,[4] the trial court clearly stated that it would sentenced Van Tilburg to imprisonment anyway. Given the "nature, seriousness, and circumstances of the case," *Van Tilburg*, 2015 WL 551476, at *5, the Court finds that his sentence was not so arbitrary or capricious as to give rise to a cognizable federal claim. Moreover, the California Court of Appeal's rejection of Van Tilburg's claim of sentencing error under state law was not, and could not have been, contrary to or an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d).

---

[4] Because he would have been sentenced to imprisonment under any circumstance, he cannot show that he was prejudiced by counsel's failure to secure a § 288.1 evaluation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rupe v. Wood*, 93 F.3d 1434, 1444-45 (9th Cir. 1996) (defense counsel's failure to raise a meritless argument or to take a futile action does not constitute ineffective assistance of counsel). The U.S. Supreme Court's recent decision in *Lee v. United States,* ___ S. Ct. ___, 2017 WL 2694701 (Jun. 23, 2017), does not compel a different conclusion. Van Tilburg's ineffective assistance claim (Ground 3) is therefore also without merit.

Moreover, because he would have been sentenced to imprisonment under any circumstance, he cannot show that he was prejudiced by counsel's failure to secure a § 288.1 evaluation. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rupe v. Wood*, 93 F.3d 1434, 1444-45 (9th Cir. 1996) (defense counsel's failure to raise a meritless argument or to take a futile action does not constitute ineffective assistance of counsel). The U.S. Supreme Court's recent decision in *Lee v. United States,* ___ S. Ct. ___, 2017 WL 2694701 (Jun. 23, 2017), does not compel a different conclusion. That case involved a lawful permanent resident of the United States who pled guilty to a drug offense after his attorney assured him that he would not be deported. *Id.* at *3. After he pled guilty and was sentenced to one year and one day in prison, Lee learned that, contrary to his attorney's representation, deportation was mandatory for crimes like his. *Id.* Upon direct appeal, the Government conceded that the performance of plea counsel was deficient, but nonetheless argued that Lee could not show that he was prejudiced under *Strickland* because the case against him was so overwhelming that he could not have prevailed at trial in any event. *Id.* at *7. In declining to adopt a *per se* rule that a defendant with no viable defense cannot show prejudice from the denial of his right to trial, the Court held that Lee established prejudice because substantial and uncontroverted evidence supported his claim that he would not have accepted the plea had he known it would lead to his deportation and demonstrated a reasonable probability that, but for counsel's mistake, he would have insisted on going to trial. *Id.* at *9-10.

*Lee* is distinguishable from the case at hand because the issue in *Lee* was whether counsel's misrepresentation resulted in the "denial of the entire judicial proceeding . . . to which he had a right." *Id.* at *6. Unlike the constitutional right to a jury trial, however, "[u]nder

17

California law, a sentence of probation is an act of clemency available only when the court determines that mitigating facts relating to the defendant's crime or background warrant withholding the punishment otherwise prescribed by law." *United States v. Cervantes*, __ F.3d __, 2017 WL 2622776,a t *4 (9th Cir. Jun. 19, 2017). Van Tilburg does not, and cannot, show that he had a federal constitutional right to a § 288.1 evaluation or that there is a constitutionally-mandated process for probation consideration in circumstances like his. *Cf. Bridinger v. Berghuis*, 429 F. Supp. 2d 903, 909 (E.D. Mich. 2006) ("[N]othing in the federal Constitution requires a court to consider or even prepare a presentence report."); *Nunez-Barajas v. Kabban-Miller*, No. EDCV 12-1551, 2013 WL 5676079, at *3 (E.D. Cal. Oct. 15, 2013). Moreover, in Van Tilburg's case, several factors bore on the court's decision to deny probation, none of which related to defense counsel's actions or failure to secure a § 288.1 evaluation. Van Tilburg's ineffective assistance claim (Ground 3) is therefore also without merit.

## V. CONCLUSION AND ORDER

Van Tilburg is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

537 U.S. at 327)). Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: June 28, 2017.

                                          /s/James K. Singleton, Jr.
                                          JAMES K. SINGLETON, JR.
                                          Senior United States District Judge